## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| VALERIE EDGE, individually, CHRISTOPHER EDGE, individually, and VALERIE EDGE and CHRISTOPHER EDGE as Parents and Natural Guardians of CARLIE EDGE, Minor, and CAYLA EDGE, Minor,<br><br>    Plaintiff,<br><br>v.<br><br>PIKE CORPORATION, PIKE ENTERPRISES, LLC, and PIKE ELECTRIC, LLC,<br><br>    Defendants. | Civil Action File No. 1:18-CV-04016-SCJ<br><br>(Removed from the State Court of Cobb County Civil Action File No.: 18-A-1875) |

## **DEFENDANTS' INITIAL DISCLOSURES**

COME NOW Defendants Pike Corporation, Pike Enterprises, LLC, and Pike Electric, LLC ("Defendants"), by and through their undersigned counsel of record, and submit their Initial Disclosures as required by Fed. R. Civ. P. 26(a)(1) and N.D. Ga. Local Rule 26.1 as follows:

### **Initial Disclosure No. 1**

If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended

summons and complaint reflecting the information furnished in this disclosure response.

**Response:**

Defendants are properly identified in terms of corporate names, but Pike Corporation and Pike Enterprises, LLC have been improperly joined in the case.

### Initial Disclosure No. 2

Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Response:**

Defendants do not contend that any necessary parties have not been named, but Pike Corporation and Pike Enterprises, LLC have been improperly joined in the case.

### Initial Disclosure No. 3

Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Response:**

Pike Corporation and Pike Enterprises, LLC are not proper parties to this action, as these entitles have never employed the person involved in the automobile accident at issue in this case. Anthony Solino, who was involved in the automobile accident with Plaintiff Valerie Edge, was not working for or operating his personal automobile within the course and scope of his employment with Pike Electric, LLC at the time of the accident. Thus, Pike Electric, LLC is not liable for the acts or omissions of Mr. Solino and did not otherwise owe any duty to Plaintiffs under Georgia law.

## Initial Disclosure No. 4

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Response:**

*Allen Kane's Major Dodge v. Barnes,* 243 Ga. 776, 257 S.E.2d 186 (1979) (when a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was *at the time of the injury* acting within the scope of his employment and on the business of the master);

*Farzaneh v. Merit Construction Company,* 309 Ga. App. 637, 710 S.E.2d 839 (2011) (an employee traveling to or from work is not in the course of his employment but rather is engaged in a personal activity);

*Mastec North America, Inc. v. Sandford,* 330 Ga. App. 250, 765 S.E.2d 420 (2014) (employee's last job involved performing his usual work and cannot be considered a special mission);

*Hargett's Telephone Contractors, Inc. v. McKeehan,* 228 Ga. App. 168, 491 S.E.2d 391 (1997) (employee's trip is not a "special mission" if it involves nothing more than travel to his or her usual place of work).

## Initial Disclosure No. 5

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**Response:**

See Attachment A.

## Initial Disclosure No. 6

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts

described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provision of that rule.

**Response:**

Defendants have not retained any experts expected to testify at trial as of this time.

### Initial Disclosure No. 7

Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C.)

**Response:**

*See* Attachment C.

### Initial Disclosure No. 8

In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on

the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.

**Response:**

Defendants do not claim any damages at this time.

### Initial Disclosure No. 9

If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Response:**

Defendants do not contend that any other person or entity is liable in whole or in part.

### Initial Disclosure No. 10

Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.

**Response:**

See attached. Further responding, Defendants have additional layers of excess coverage; however, based upon information presently known, it does not appear that any additional coverage is implicated.

Respectfully submitted this 21st day of September, 2018.

                                     */s/ John R. Lowery, Esq.*
                                     John R. Lowery, Esq.
                                     Georgia Bar No. 460175

MOZLEY FINLAYSON & LOGGINS, LLP
One Premier Plaza
5605 Glenridge Drive, Suite 900
Atlanta, GA 30342
(404) 256-0700
(404) 250-9355 fax
jlowery@mfllaw.com

# ATTACHMENT "A"

1. Anthony Solino
   1985 Marsh Creek Drive
   Lawrenceville, Georgia 30043

   Mr. Solino will be expected to testify as to his work history on the date of the accident at issue and his destination at the time of the accident.

2. Aaron Smith
   Pike Electric, LLC

   Mr. Smith will be expected to testify as to his work history on the date of the accident at issue and his observations and conversations with Mr. Solino.

3. James Bradshaw
   Pike Electric, LLC

   Mr. Bradshaw will be expected to testify as to the work history of his crew on the date of the accident; practices relating to work breaks; and the circumstances of the release of employee on March 31, 2017.

## **ATTACHMENT "C"**

1. Pike Electric Time Sheet and Equipment Sheet for Week Ending April 2, 2017.

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the foregoing **DEFENDANTS' INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system and by U.S. mail with sufficient first class postage to the following:

Alwyn R. Fredericks, Esq.
Shane E. Bartlett, Esq.
Cash, Krugler & Fredericks, LLC
5447 Roswell Road, NE
Atlanta, Georgia 30342

This 21st day of September, 2018.

*/s/ John R. Lowery, Esq.*
John R. Lowery, Esq.
Georgia Bar No. 460175